# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4573 | **DATE** | 8/30/2001 |
| **CASE TITLE** | Sphere Drake Insurance Limited vs. All American Life Insurance Company | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 10/31/2001 at 11:00 a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Defendant's motion to reassign case 01 C 5226 as related (40-1) is denied. Defendant's motion to reassign case 01 C 5390 as related (41-1) is granted. All discovery is to be completed by 10/30/01.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 0 4 2001 | |
| | Notified counsel by telephone. | | date docketed | 48 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/30/2001 | |
| CW | courtroom deputy's initials | 01 AUG 31 PM 4: 42 | date mailed notice | |
| | | Date/time received in central Clerk's Office | CW | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKET

SEP 0 4 200

SPHERE DRAKE INSURANCE LIMITED,  )
f/k/a Odyssey Re (London)  )
Limited,  )
  )
     Plaintiff,  )
  )
   v.  )   No. 99 C 4573
  )
ALL AMERICAN LIFE INSURANCE  )
COMPANY,  )
  )
     Defendant.  )

## MEMORANDUM OPINION AND ORDER

Presently before the court are motions to take two other
cases as related to No. 99 C 4573 (the "Unicare Arbitration
Case"). The other two cases are 01 C 5390 (Kennelly, J.) (the
"Unicare Contract Case") and 01 C 5226 (Pallmeyer, J.) (the
"Treaties Case"). In all three cases, Sphere Drake Insurance
Limited is the plaintiff[1] and All American Life Insurance Company
is the defendant. The two Unicare cases concern the same
reinsurance policy (the "Unicare Policy"), while the Treaties
Case involves six other reinsurance policies (the "Treaties").
All seven reinsurance policies were issued by Sphere Drake's
agent Euro International Underwriting Limited ("EIU") and

---

[1]Plaintiff has gone through various name changes during
the times pertinent to the lawsuits. Throughout the present
opinion, it will be referred to as "Sphere Drake."



brokered by the same or related entities ("Stirling Cooke" and "WEB") acting or purporting to act as All American's agents. A possible issue regarding all seven reinsurance policies is whether EIU had proper authority to issue the policies. The parties are in agreement that the Unicare Contract Case should be reassigned as related to the Unicare Arbitration Case. All America also moves to reassign the Treaties Case as related, whereas Sphere Drake opposes that motion.

Local Rule 40.4 provides:

> **(a) Definitions.** Two or more civil cases may be related if one or more of the following conditions are met:
>    (1) the cases involve the same property;
>    (2) the cases involve some of the same issues of fact or law;
>    (3) the cases grow out of the same transaction or occurrence; or
>    (4) in class action suits, one or more of the classes involved in the cases is or are of the same.
> **(b) Conditions for Reassignment.** A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:
>    (1) both cases are pending in this Court;
>    (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
>    (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
>    (4) the cases are susceptible of disposition in a single proceeding.

Before any of the three suits were filed, All American demanded arbitration as to all seven reinsurance policies. In

July 1999, Sphere Drake filed the Unicare Arbitration Case
seeking a declaration and/or injunction that it was not required
to arbitrate the dispute regarding the Unicare Policy.  In
response, All American cross moved to compel arbitration on the
Unicare Policy and also cross moved for prearbitration security
regarding arbitration of all seven reinsurance policies.  In a
March 30, 2000 Opinion, this court found the Unicare Policy did
not incorporate an arbitration provision and therefore enjoined
All American from proceeding with the arbitration concerning that
policy.  See Odyssey Re (London) Ltd. v. All American Life
Insurance Co., No. 99 C 4573 (N.D. Ill. March 30, 2000) (Docket
Entry 28) ("Odyssey").  Since the Unicare Policy was found not to
contain an arbitration clause, it was unnecessary to determine
whether that policy was otherwise valid and enforceable.
Prearbitration security for arbitration of the Treaties was
denied without prejudice on the ground that All American failed
to show that the court had authority to consider that request.
The court did not decide the merits of the security issue, the
merits of the Treaties arbitration claims, or whether
jurisdiction existed over All American's motion concerning the
Treaties arbitration.

All American appealed the grant of the injunction and the
denial of its motion to compel arbitration.  The prearbitration
security issue was not appealed.  Meanwhile, in May 2000, Sphere

Drake filed the Unicare Contract Case in the Circuit Court of
Cook County, Illinois, seeking a court declaration that the
Unicare Policy was <u>void ab initio</u> based on EIU's lack of
authority and/or breaches of fiduciary duty, of which All
American's agents allegedly were aware.  All American
counterclaimed for enforcement of the Unicare Policy.  These are
essentially the same claims for which arbitration was sought in
the Unicare Arbitration Case.

Also, while the Unicare Arbitration Case was pending on
appeal, the parties proceeded with arbitration with respect to
the six Treaties.  Prior to any discovery in that proceeding,
Sphere Drake moved for judgment on the pleadings.  The
arbitration panel took briefs and heard oral arguments.  On
July 5, 2001, the arbitration panel (with one member dissenting)
ruled in Sphere Drake's favor.[2]  Unlike the contention in the
Unicare cases that Sphere Drake's agent acted beyond its
authority or breached its fiduciary duty and that All American
had knowledge of that through its agents, the ruling in the
Treaties arbitration was based on Stirling Cooke not actually
being All American's agent.  Sphere Drake's motion for judgment
on the pleadings focused on the following statement that All
American included in its "Statement of the Case" filed in the

---

[2]The arbitration panel's final award is provided as
Exhibit E to All American's relatedness motion regarding the
Treaties Case (Docket Entry 40).

Treaties arbitration: "Simply put, there was no agency relationship between Stirling Cooke and All American or between Stirling Cooke and WEB; Stirling Cooke had no authority to bind either All American or WEB and neither All American nor WEB entered into any form of agency agreement with Stirling Cooke." The arbitration panel majority ruled as follows:[3]

> All American's "Statement of the Case," submitted to the Panel in this arbitration prior to the organization meeting, is a "Pleading," as defined by the relevant authorities, including the applicable rules of civil procedure and arbitration guidelines. It is also the law of the case, by virtue of Judge William Hart's March 30, 2000 ruling in Odyssey Re (London) Ltd. v. All American Life Insurance Co. (No. 99 C 4573 N.D. Ill.), in which he stated that Petitioner's initial statement of the claim, stating facts and identifying the issues in dispute, together with the Respondent's response thereto, were the equivalent of pleadings in a court action.
> As such, All American's statement quoted above is a "Judicial Admission" as that term is defined by the relevant authorities, and thus is binding on All American as a matter of law and public policy.
> Therefore, since All American has formally and unequivocally admitted in its pleadings that: (1) there "was no agency relationship between Stirling Cooke and All American and WEB;" (2) "Stirling Cooke had no authority to bind either All American or WEB;" and (3) "neither All American nor WEB entered into any form of agency agreement with Stirling Cooke" (emphasis added), Stirling Cooke Brown ("Stirling Cooke") was not

---

[3]The panel's ruling is quoted in order to show the possible issues that may arise in the Treaties Case. No opinion is expressed regarding the merits of the panel's decision, whether it would be appropriate to confirm or vacate the decision, nor even whether the panel's decision accurately describes and characterizes the Odyssey ruling.

> legally competent to contract with Sphere Drake
> or its underwriting agent Euro International
> Underwriters, Ltd., ("EIU"), and there is no need
> for an evidentiary hearing on this issue.
>      Since Stirling Cooke was not legally
> competent to contract with EIU, the contracts at
> issue in this arbitration are not valid.
> Therefore, the contracts at issue in this
> arbitration are not valid.  Therefore, Sphere
> Drake's "Motion for Judgment in its Favor on the
> Pleadings" is granted, and this case is
> dismissed.

On July 6, 2001, Sphere Drake filed the Treaties Case in which it moves for confirmation of the arbitration panel's final award.  In response, All American asserts affirmative defenses and counterclaims that the final award should be vacated.  This includes a counterclaim that the arbitration proceedings should be stayed pending resolution by the court of the issue of whether binding contracts exist.  There is also a counterclaim requesting that Sphere Drake provide prearbitration security.  Sphere Drake contends that, regardless of the validity of the underlying reinsurance contracts and any arbitration provisions contained therein, the parties subsequently agreed to arbitrate their disputes concerning the Treaties, including disputes regarding contract validity.

The Unicare Arbitration Case appeal was decided just prior to the arbitration panel decision regarding the Treaties.[4] Contrary to the district court decision in Odyssey, the Seventh

---

[4]The portion of the Odyssey decision that the panel cites in its final award was not a subject of the appeal.

Circuit found that the Unicare Policy contained an arbitration provision. However, the Seventh Circuit still affirmed the injunction against arbitration on the ground that the court, not the arbitrator, had to decide the issue of whether the Unicare Policy was void due to EIU's lack of authority. Since the parties represented to the Seventh Circuit that no dispute existed regarding the amount of coverage if the Unicare Policy was found to be valid and enforceable, the Seventh Circuit concluded that no issue would remain for arbitration if the Unicare Policy were found to be valid and enforceable. If found to be valid and enforceable, then there is an enforceable arbitration clause, but arbitration is unnecessary because the parties do not dispute the effect of a valid policy. If the Unicare Policy is found to be void for want of authority, there would be no liability under the Unicare Policy. See Sphere Drake Insurance Ltd. v. All American Insurance Co., 256 F.3d 587 (7th Cir. 2001) ("Sphere Drake"). The Unicare Arbitration Case was remanded to the district court for further proceedings to resolve the question of the extent of EIU's authority.

Shortly after the Sphere Drake decision was issued, the Unicare Contract Case was removed to federal court on the ground that its subject matter related to an arbitration agreement. See 9 U.S.C. § 205.

The Unicare Contract Case involves the same reinsurance policy as the Unicare Arbitration Case and essentially the same allegations except that the Unicare Contract Case assumes, as Odyssey erroneously found, that the Unicare Policy contains no arbitration provision. It is found that the Unicare Contract Case should be taken as related. However, once the Unicare Contract Case is reassigned, it is subject to being dismissed without prejudice since it is duplicative of the Unicare Arbitration Case. To the extent either party desires to amend its pleadings in the Unicare Arbitration Case to add allegations that were in the Unicare Contract Case only, the party should promptly move to amend.

The Treaties Case is different. It concerns six reinsurance policies that are not presently a subject of the Unicare Arbitration Case.[5] While the question of EIU's authority to act on Sphere Drake's behalf may arise in the Treaties Case, it apparently would only be reached if it is first determined that the parties did not have an arbitration agreement independent of the Treaties or that the arbitration panel exceeded its authority. Also, the Treaties Case may involve other issues as to confirmation or vacating of the particular

_____

[5]Even during earlier proceedings, the one issue related to the Treaties arbitration (prearbitration security) was peripheral and not resolved.

arbitration award that are completely unrelated to the Unicare Arbitration Case.

All or some of the facts and issues in the Unicare Arbitration Case concerning EIU's authority may be considered in the Treaties Case. Therefore, the Rule 40.4(a)(2)'s criterion that the "cases involve some of the same issues of fact or law" may be satisfied.[6] However, there are other issues that must be resolved in the Treaties Case before the common issue would be reached. There would be no substantial savings of judicial time if the Treaties Case were to be reassigned as related and reassignment could result in a delay of one or the other case. The Unicare Arbitration Case apparently will require discovery. If resolved on the confirmation of arbitration issue, the Treaties Case may be resolvable on the pleadings without any time taken for discovery. The issues initially to be considered do not overlap and thus would not save any judicial time. To the

---

[6]Formerly, Local General Rule 2.31(A)(2) read: "the cases involve the same issues of fact or law." That language was construed as meaning the common issues must predominate. See Clark v. Insurance Car Rentals, Inc., 42 F. Supp. 2d 846, 848 (N.D. Ill. 1999); Snitchler v. Allsteel, Inc., 1995 WL 769327 *2 (N.D. Ill. Dec. 28, 1995); United States v. Petersen Sand & Gravel, Inc., 1992 WL 281407 *2 (N.D. Ill. Oct. 8, 1992); Henderson v. National R.R. Passenger Corp., 118 F.R.D. 440, 441-42 (N.D. Ill. 1987). The current version of the Rule only requires that "some" of the issues be the same. While that does not require predominance, see, e.g., Ladenberger v. National Technology Transfer, Inc., 2000 WL 1349247 *2 (N.D. Ill. Sept. 19, 2000), it would seem that some overlap of issues could be so minimal as not to satisfy current Rule 40.4(a)(2). In any event, where common issues do not predominate, the Rule 40.4(b)(2) requirement of a substantial savings of judicial time generally will not be satisfied. See, e.g., Snitchler, supra.

extent the factual question of EIU's authority to act (the only possible overlapping issue) may be reached in the Treaties Case, it would likely be a simple matter of applying collateral estoppel if that issue has already been resolved in the Unicare Arbitration Case. Again, there would be no substantial saving of judicial time by reassigning the case. Since the requirement contained in Local Rule 40.4(b)(2) is not satisfied, the motion to reassign the Treaties Case as related will be denied.

IT IS THEREFORE ORDERED that defendant's motion to reassign case 01 C 5226 [40-1] is denied and defendant's motion to reassign case 01 C 5390 [41-1] is granted. It will be recommended to the Executive Committee that Case No. 01 C 5390 be reassigned to this bench. All discovery is to be completed by October 30, 2001. Status hearing set for October 31, 2001 at 11:00 a.m.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 30, 2001