# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4573 | **DATE** | DECEMBER 12 , 2003 |
| **CASE TITLE** | SPHERE DRAKE INSURANCE LIMITED v. ALL AMERICAN LIFE INSURANCE COMPANY | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due_____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion to take down security bonds [175] is denied. Defendant's motion to stay decision pending appeal [181] is denied. Plaintiff's Bill of Costs is granted. The Clerk of the Court is directed to tax costs in favor plaintiff and against defendant in the amount of $91,968.00. Execution upon the bill of costs is stayed pending final resolution of the pending appeal.

(11) ■ **[For further detail see attached Memorandum Opinion and Order.]**

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

| | |
|---|---|
| cw | courtroom deputy's initials |

8
number of notices

DEC 1 5 2003
date docketed

12/12/2003
date mailed notice

U.S. DISTRICT COURT
CLERK
03 DEC 12 AM 4:29

date/time received in central Clerk's Office

**Document Number**

**187**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

DEC 1 5 2003

| | | |
|---|---|---|
| SPHERE DRAKE INSURANCE LIMITED, | ) | |
| | ) | |
| Plaintiff-Counterdefendant, | ) | |
| v. | ) | No. 99 C 4573 |
| | ) | |
| ALL AMERICAN LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant-Counterplaintiff. | ) | |

## MEMORANDUM OPINION AND ORDER

The dispute in this case was between two reinsurers. See generally _Sphere Drake Insurance Ltd. v. All American Life Insurance Co._, ___ F. Supp. 2d ___, 2003 WL 22232840 (N.D. Ill. Sept. 22, 2003) ("_Sphere Drake V_"). See also _Sphere Drake Insurance Ltd. v. All American Life Insurance Co._, 221 F. Supp. 2d 874 (N.D. Ill. 2002) ("_Sphere Drake IV_"); _Sphere Drake Insurance Ltd. v. All American Insurance Co._, 256 F.3d 587 (7th Cir. 2001) ("_Sphere Drake II_"). The dispute concerned whether plaintiff-counterdefendant Sphere Drake Insurance Limited ("Sphere Drake") was liable to defendant-counterplaintiff All American Life Insurance Company (n/k/a American General Life Insurance Company) ("All American) on a retrocession policy known at the "Unicare Retrocession." On summary judgment, Sphere Drake prevailed. It was held that the uncontested facts showed that the agent which

187

purportedly accepted the Unicare Retrocession on Sphere Drake's behalf exceeded the agent's authority and therefore the Unicare Retrocession was void _ab initio_. See Sphere Drake V, _supra_. This "excess authority" claim was for the court to decide. See _id._, 2003 WL 22232840 at *1; Sphere Drake II, 256 F.3d at 590-92; Sphere Drake IV, 221 F. Supp. 2d at 877-78. If All American had prevailed on the excess authority claim, the "fiduciary duty" claim would have had to be resolved which would have been an issue for arbitration. See Sphere Drake V, 2003 WL 22232840 at *1; Sphere Drake IV, 221 F. Supp. 2d at 879-80. The basis of the fiduciary duty claim was that Sphere Drake was not liable on the Unicare Retrocession because its purported agent violated its fiduciary duty with the knowledge of or in conspiracy with All American's agents. Because the Unicare Retrocession has been declared void, Sphere Drake is required to return all the premiums that it previously received.

> On September 22, 2003, a judgment was entered:
>
> in favor of plaintiff-counterdefendant Sphere Drake Insurance Limited (f/k/a Odyssey Re (London) Limited) and against defendant-counterplaintiff All American Life Insurance Company (n/k/a American General Life Insurance Company) (a) declaring that the Unicare Retrocession (Registration No. AH 0115198) is void _ab initio_; (b) ordering that Sphere Drake return the Unicare Retrocession premiums received by Sphere Drake within 30 days after this judgment becomes final; (c) dismissing plaintiff's Count II and Count III "fiduciary duty claims" without prejudice; and (d) denying counterdefendant's counterclaim causes of action with prejudice.

Docket Entry 171. All American timely appealed.

While this case was pending, the parties agreed that
Sphere Drake, as an unregistered insurer in Illinois, would
provide a bond consistent with the provisions of 215 ILCS
5/123(5). Court orders consistent with the parties' agreement
were entered and bonds were provided to cover Sphere Drake's
potential liability of almost $8 million in the event the Unicare
Retrocession were eventually found to be enforceable or Sphere
Drake were otherwise found liable.

The statute provides in part:

> Before any unauthorized foreign or alien
> company shall file or cause to be filed any
> pleading in any action or proceeding, including
> any arbitration, instituted against it, such
> unauthorized company shall either (1) deposit
> with the clerk of the court in which such action
> or proceeding is pending or with the clerk of
> the court in the jurisdiction in which the
> arbitration is pending cash or securities or
> file with such clerk a bond with good and
> sufficient sureties, to be approved by the
> court, in an amount to be fixed by the court
> sufficient to secure the payment of any final
> judgment which may be rendered in such action,
> proceeding, or arbitration; or (2) where the
> unauthorized company continues to transact the
> business of insurance by issuing new contracts of
> insurance or reinsurance, procure a certificate
> of authority to transact the business of
> insurance in this State.

215 ILCS 5/123(5).

Presently pending is Sphere Drake's motion to take down
the bonds. All American opposes that motion and has moved to
stay the enforcement of the judgment pending appeal.
Additionally, Sphere Drake has submitted its bill of costs, which

only seeks the costs of maintaining the bonds during the pendency of this litigation.

Having succeeded in the district court, Sphere Drake contends it should no longer be required to provide the bond. All American contends the bond should remain in force until the appeal is final because, if it is successful on appeal, Sphere Drake may still be liable in any arbitration proceeding that is ordered. All American also contends that Sphere Drake is not suffering any detriment because it retains approximately $3.7 million in premiums on which it can earn more than the cost of the bonds.[1] Sphere Drake contends it is being harmed because, in addition to the bond premiums, it must provide approximately $9 million of collateral which it cannot otherwise invest. Also, Sphere Drake contends the statute is now inapplicable because any liability that could possibly be awarded will be in an arbitration proceeding, not this court case.

Two clauses of the statute are potentially key to resolving whether Sphere Drake should be required to continue to maintain the bonds. The first is that, absent meeting the requirements of § 123(5), the foreign insurer may not "file or cause to be filed any pleading in any action or proceeding, including any arbitration, instituted against it." The second is that any bond that is required be "sufficient to secure the

---

[1]It is undisputed that Sphere Drake tendered a check to All American representing the refund of the premiums Sphere Drake had received, but All American has chosen not to cash that check.

payment of any final judgment which may be rendered in such action, proceeding, or arbitration."

The first clause raises the question of whether Sphere Drake is filing any more pleadings in this action or proceeding.[2] Absent a remand from the court of appeals, Sphere Drake may not need to file any more pleadings in the district court. If "action or proceeding" is construed narrowly, the district court case and appellate case could be viewed as separate proceedings. Under that view, All American should be moving the appellate court to require that the bond be maintained during the pendency of the appeal, or move for pleadings to be stricken if the bond is not maintained. The term "proceeding," however, has been construed to mean that trial court activity and appellate court activity in a case are all part of a single proceeding. See Black's Law Dictionary 1221 (7th ed. 1999) (quoting Edwin E. Bryant, The Law of Pleading Under the Codes of Civil Procedure 3-4 (2d ed. 1899)). Proceedings will be so construed. This court may consider whether Sphere Drake should be required to maintain the bond while the case is pending on appeal.

Sphere Drake's contentions focus on the language that the bond must be sufficient to cover a "final judgment which may be rendered in such action." Sphere Drake contends that any damages that may be awarded could only occur in any arbitration

---

[2]Section 125(3) is limited to actions or proceedings "instigated against" the unauthorized insurer. This applies to Sphere Drake because All American brought a counterclaim. First Specialty Insurance Corp. v. Continental Casualty Co., 2002 WL 31386521 *4 (N.D. Ill. Oct. 21, 2002).

proceeding that is required, not this action itself. Sphere
Drake's argument, however, ignores that, even if any remaining
issues in a possible remand are all subject to arbitration, it
would still be possible to seek confirmation of any arbitration
award in this case. See Cortez Byrd Chips, Inc. v. Bill
Harbert Construction Co., 529 U.S. 193, 202 (2000); American
International Specialty Lines Insurance Co. v. Electronic Data
Systems Corp., 347 F.3d 665, 668 (7th Cir. 2003); McBride v. St.
Anthony Messenger Magazine, 2003 WL 1903381 *11 (S.D. Ind.
Feb. 6, 2003). Cf. Integrated Health Services, Inc. v.
Kirschenbaum, 1996 WL 131496 *8-9 (N.D. Ill. March 15, 1996).
Thus, it is still possible for there to be a final judgment
rendered in this action awarding monetary relief to All American.

Sphere Drake contends there is presently a final judgment
dismissing any possible damages claim and that, unless and until
it is vacated, this judgment should be respected. Section
123(5), however, does not provide that security is to be provided
until such time as there is a final judgment. It refers to
providing security sufficient for a final judgment that "may" be
rendered. Since there is still a possibility that a monetary
judgment will be entered against Sphere Drake, § 123(5) is still
applicable.

That, however, does not end the analysis. The Seventh
Circuit has held that the security provision of § 123(5) is not
mandatory, but instead subject to the discretion of the court.
The court has discretion to fashion suitable security.

International Insurance Co. v. Caja Nacional de Ahorro y Seguro, 293 F.3d 392, 401 (7th Cir. 2002). Although there is presently a substantially reduced possibility of All American succeeding on its claim, there is still a possibility. Additionally, Sphere Drake is presently in a run-off mode of operation. Also, even without a reversal, Sphere Drake must return more than $3.7 million of premiums. At the present time, Sphere Drake will be required to continue to maintain the security.

All American alternatively moves for a stay pending appeal. Since Sphere Drake is not being permitted to take down the security, this motion must be denied.

Still to be considered is Sphere Drake's bill of costs. The only costs that are claimed are the bond premiums for the § 123(5) bonds. Local Rule 54.1(c) provides: "If costs shall be awarded by the court to either or any party then the reasonable premiums or expenses paid on all bonds or stipulations or other security given by the party in that suit shall be taxed as part of the costs of that party." All American does not dispute that Sphere Drake was the prevailing party entitled to costs in this lawsuit.

Citing United Fire & Casualty Co. v. P & C Insurance Services, Inc., 488 N.W.2d 661, 666-67 (S.D. 1992), All American contends costs for bond premiums should not be awarded as costs where the party had other alternatives besides posting a bond. All American contends that, in accordance with § 123(5)(2), Sphere Drake had the alternative of instead obtaining a

certificate of authority to transact business in Illinois. That
alternative, however, is only available if the insurer is still
issuing new contracts of insurance in Illinois. Not only does
All American point to no evidence that Sphere Drake was still
issuing new contracts in Illinois, it instead points to evidence
that Sphere Drake has not issued any new insurance contracts
whatsoever since at least May 1999. The first bond was not
obtained until October 2000. At that point, Sphere Drake was not
issuing new contracts anywhere.

Contrary to All American's contention, the bond premiums
are taxable as costs. N.D. Ill. L.R. 54.1(c); Bennett Chemical
Co. v. Atlantic Commodities, Ltd., 24 F.R.D. 200, 205 (S.D.N.Y.
1959); Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane,
Federal Practice & Procedure § 2677 at 450 & n.33 (3d ed. 1998).
Sphere Drake will be awarded the requested costs of $91,968.

Alternatively, All American requests that any ruling on
costs be held in abeyance until the appeal is resolved. There is
no good reason to delay a ruling. The ruling on costs is not
complicated nor time-consuming. The costs will be awarded and a
judgment for costs will be entered. However, enforcement of the
judgment for costs will be stayed in light of the fact that the
amount of premiums that must be returned exceeds the amount of
costs being awarded.

IT IS THEREFORE ORDERED that plaintiff's motion to take
down security bonds [175] is denied. Defendant's motion to stay
decision pending appeal [181] is denied. Plaintiff's Bill of
Costs is granted. The Clerk of the Court is directed to tax

Costs is granted. The Clerk of the Court is directed to tax costs in favor plaintiff and against defendant in the amount of $91,968.00. Execution upon the bill of costs is stayed pending final resolution of the pending appeal.

ENTER:

William T. Hart

UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 12 , 2003